MICHAEL CATALDO, Appellee, *vs.* GREGORI OSTIUSO, Appellant.

*Opinion filed December 21, 1911—Rehearing denied Feb. 8, 1912.*

1. ELECTIONS—*judgment of county court on contest of primary election is final.* The only authority for contesting elections or nominations at a primary election is found in section 62 of the Primary Election act of 1910, and as such section provides that the judgment shall be final there is no right of appeal; nor is there a right to a writ of error, since an election contest is a statutory proceeding.

2. APPEALS AND ERRORS—*judgment in primary election contest is conclusive of court's jurisdiction.* The judgment of the county court in a proceeding to contest an election under the Primary Election law is conclusive of all questions involved, including the question whether the court had jurisdiction of the proceeding.

APPEAL from the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding.

EDWARD J. SMEJKAL, JOSEPH Z. KLENHA, and OTTO F. RING, (ADOLPH J. KRASA, of counsel,) for appellant.

CHARLES H. MITCHELL, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellee instituted in the county court of Cook county a proceeding to contest the election by the republican party of a precinct committeeman for the ninth precinct in the nineteenth ward in the city of Chicago under the Primary Election law of 1910. Appellant and appellee were rival candidates at the primary for election to the office of precinct committeeman in said precinct. The judges of election declared that there was a tie vote; that each of said candidates had received an equal number of votes for said office, and they proceeded to cast lots to determine which of them should be declared elected precinct committeeman. This resulted in favor of appellant, and he was declared

duly elected precinct committeeman. Appellee thereupon filed a petition in the county court to contest the election of appellant. The petition alleged that the return of the votes for precinct committeeman by the judges of election was false; that appellee received twenty-nine votes and appellant received only twenty-five votes, and that the judges and clerks of the election wrongfully and unlawfully declared the vote a tie. Appellant filed a plea to the petition, denominated in his brief "a plea to the disability of appellee." He also filed a motion to dismiss the petition for want of jurisdiction in the county court. This motion was overruled, and he thereupon, by leave of court, withdrew his plea and filed a demurrer to the petition. The demurrer was overruled, and, appellant electing to stand by his demurrer, a decree was entered by the county court in favor of appellee. From that decree the appellant has prosecuted this appeal.

The only question raised by the appellant is whether the county court had jurisdiction to entertain a petition to contest the election of a precinct committeeman elected under the Primary Election law of 1910. Appellant contends that it had no such jurisdiction. The authority for contesting elections or nominations made at a primary election is found in section 62 of the Primary Election law of 1910. That section provides for the procedure in the county court in contests authorized therein, and further provides, "the judgment of the court shall be final." An appeal is not only not authorized, but is prohibited by making the judgment of the county court final, and as an election contest is a statutory proceeding, not according to the course of the common law, no writ of error would lie, and the judgment of the county court is not subject to be reviewed by a higher court. *Saylor* v. *Duel,* 236 Ill. 429.

The appeal is therefore dismissed.

*Appeal dismissed.*